IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Meador,<br><br>        Plaintiff,<br><br>vs.<br><br>North Dakota Department of Corrections<br>and Monica Moore,<br><br>        Defendants. | Case No. 3:10-cv-100<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff David Meador ("Meador"), an inmate at the James River Correctional Center, submitted a *pro se* complaint (Doc. #9), an amended complaint (Doc. #11), and a supplement to the amended complaint (Doc. #16) pursuant to 42 U.S.C. § 1983. The court considers Meador's submissions in conjunction in ascertaining the nature of his claims.

When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the complaint prior to service upon the defendants. 28 U.S.C. § 1915A(a). On initial review the court must identify cognizable claims or dismiss the complaint, or any part of it, that is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After liberally construing Meador's complaint, it is **RECOMMENDED** that the complaint be **DISMISSED** because Meador has failed to state a claim upon which relief can be granted.

**Background**

Meador was convicted of sex-related crimes in Kentucky in 1994, requiring him to register as a sex offender under North Dakota law. In 2009, Meador was convicted of failing to register as a sex offender under N.D. Cent. Code § 12.1-32-15. See State v. Meador, Barnes County, Case No. 02-08-K-00291.

Meador's original complaint (Doc. #9) sought monetary damages against Chad Netolicky ("Netolicky"), an employee of the James River Correctional Center, for allegedly forcing Meador to undergo sex offender treatment in violation of Meador's Fourteenth Amendment due process rights and the Eighth Amendment prohibition against cruel and unusual punishment. Meador attached to his complaint an inmate grievance form submitted at the James River Correctional Center in which he states he completed a sex offender treatment program in 1997 after being convicted of sex-related charges in Kentucky. (Doc. #9-1). Meador complained that he was ordered to complete a second sex offender treatment program under the threat of denial of good-time credit when he had not been convicted of a sex-related charge in North Dakota. Id. Meador's grievance was dismissed because there was "no report which [had] stopped [his] ability to earn PBSR good-time." Id.

Meador's amended complaint added as defendants Monica Moore ("Moore") in her individual capacity and the North Dakota Department of Corrections ("NDDOC"). (Doc. #11). Meador seeks monetary damages against Moore for violations of his Eighth and Fourteenth Amendment rights. Id. Meador seeks to enjoin the NDDOC from enforcing mandatory treatment. Id.

After filing his amended complaint, Meador filed a motion to dismiss Netolicky as a defendant. (Doc. #12). Meador stated that "Netolicky did not personally act in this action against the plaintiff and such actions are the direct result of the Department of Corrections Policy and not that of Netolicky." Id. The court granted Meador's motion to dismiss defendant Chad Netolicky. (Doc. #13).

In his supplement to the amended complaint, Meador states that the defendants forced him to undergo "medical treatment," presumably sex offender treatment, without having been

prescribed treatment by a medical provider, without having an opportunity to be heard, and without a court order. (Doc. #16). Meador alleges the NDDOC has a policy of allowing non-medical personnel to prescribe treatment. Contrary to Meador's statement that non-medical personnel prescribe treatment, Meador states that Dr. Heit ordered treatment, but that Meador was never personally seen by Dr. Heit. Meador also claims that a corrections officer named Sandy Bender may have had something to do with the directive that he attend treatment. Meador alleges the treatment caused him pain and suffering. Id.

## Discussion

### I. Exhaustion of Administrative Remedies

"No action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, where the court concludes a claim is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

### II. Complaint as to Monica Moore

Beyond stating a legal conclusion that Monica Moore violated Meador's Eighth and Fourteenth Amendment rights, Meador does not allege that Monica Moore personally did anything. Meador does not provide any facts regarding Moore's individual conduct and he does not state what role, if any, she had in the decision that Meador attend a sex offender treatment program. In Meador's supplement to his amended complaint he states that individuals other than Moore ordered him to attend treatment, in accordance with the policy of the NDDOC.

3

Although *pro se* complaints must be construed liberally, they still must allege sufficient facts to support claims. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A § 1983 complaint must allege facts supporting an individual defendant's personal involvement in or responsibility for the constitutional violations. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir.1999) (citations omitted). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because the complaint lacks any factual allegations of wrongful conduct by Monica Moore, it is **RECOMMENDED** that the complaint be dismissed with prejudice as to defendant Monica Moore for failure to state a claim upon which relief can be granted.

### III. Request for Injunction against the NDDOC

Meador seeks to enjoin the NDDOC from requiring inmates to participate in a sex offender treatment program. The Prison Litigation Reform Act ("PLRA") provides that no injunction shall be granted "in any civil action with respect to prison conditions ... unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). See also Tyler v. Murphy, 135 F.3d 594, 596 (8th Cir.1998) ("Section 802 of the PLRA amended 18 U.S.C. § 3626 to further restrict the power of federal courts to manage prison conditions through injunctive orders and consent decrees."). The court lacks the power to grant the relief Meador seeks because Meador has failed to establish a violation of his federal rights. Meador has failed stated a claim upon which relief can be granted.

4

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain . . . or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quotation and citations omitted). "Among unnecessary and wanton inflictions of pain are those that are totally without penological justification." Id. (quotations and citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Id. at 347. The requirement that Meador attend sex offender treatment does not rise to the level of cruel and unusual under contemporary standards. Similarly, other courts have held that requiring a sex offender to attend a sex offender treatment program does not constitute an Eighth Amendment violation. See Gwinn v. Awmiller, 354 F.3d 1211, 1228 (10th Cir. 2004) (denial of good-time credit for failing to participate in sex offender treatment does not constitute an Eight Amendment violation); Carroll v. Simmons, 89 Fed.Appx. 658, 661-62 (10th Cir. 2004) (loss of privileges and good-time credit for refusing to participate in a sex offender treatment program is not cruel and unusual); Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir. 1997) (being forced to participate in a sex offender treatment program does not violate the Eighth Amendment).

The Fourteenth Amendment guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To establish a due process violation, Meador must first identify a constitutionally protected liberty interest. Meachum v. Fano, 427 U.S. 215, 223 (1976); Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997). A liberty interest may arise either from the Due Process Clause or from state law. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citation omitted). When the Due

Process Clause does not itself confer a liberty interest, such an interest may exist under state law if the challenged conditions impose "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). If Meador establishes that a liberty interest has been created, he then must show that he was not afforded the process due him. Ky. Dep't of Corr., 490 U.S. at 460.

Meador did not allege in his original complaint, amended complaint, or supplement to the amended complaint that his due process rights have been violated because he is required to attend a sex offender treatment program as a prerequisite for earning good-time credit.[1] The only mention regarding the ability to earn good-time credit in any of the documents appears in Meador's inmate grievance form attached to his original complaint, which states the NDDOC finding that there was "no report which ha[d] stopped [Meador's] ability to earn . . . 'good time.'" (Doc. #9-1). Rather, Meador claims he was denied due process because he is required to participate in sex offender treatment without having been convicted of a sex-related offense in North Dakota, without having been prescribed treatment by a medical provider, without having an opportunity to be heard, and without a court order.

Courts have held that prisoners who have not been convicted of a sex offense have a liberty interest in not being classified as a sex offender. E.g. Meza v. Lviningston, 607 F.3d

---

[1] Even if Meador were alleging a due process violation with respect to his good-time credit, his claim would nevertheless fail. The Due Process Clause does not create a protected interest in the right to earn good-time, but the state may create such a right by allowing inmates to earn credit. Wolf v. McDowell, 418 U.S. 539, 557 (1974). Meador has not alleged that he has been deprived of earned good-time credit, and it appears Meador does not have a protected liberty interest in the ability to earn future good-time credit. See e.g. Abed v. Armstrong, 209 F.3d 63, 67 (2nd Cir. 2000); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995); Mittlestadt v. N.D. Dept. of Corr., No. 3:07-cv-26, 2008 WL 4491959, at *3 (D.N.D. Oct. 2, 2008) (citing Luken v. Scott, supra).

6

392, 401 (5th Cir. 2010); Gwinn v. Awmiller, 354 F.3d 1211, 1217 (10th Cir.2004); Kirby v. Siegelman, 195 F.3d 1285, 1291-92 (11th Cir.1999); Neal v. Shimoda, 131 F.3d 818, 829-30 (9th Cir.1997). However, "[a]n inmate who has been convicted of a sex crime in a prior adversarial setting . . . has received the minimum protections required by due process." Neal, 131 F.3d at 831. Meador has been convicted of sex crimes in an adversarial setting and has no protected liberty interest in not being classified as a sex offender. It is irrelevant that Meador was not convicted of such an offense in North Dakota and that he has completed a sex offender treatment program in the past. Meador has not established a liberty interest for due process purposes, so no violation of due process has occurred, and the court need not consider whether the procedures used by the NDDOC in recommending sex offender treatment were adequate.[2]

## Conclusion

Meador has failed to state a claim against defendant Monica Moore and he has to failed to establish that NDDOC violated his Eighth or Fourteenth Amendment rights. Meador is not entitled to an injunction against the North Dakota Department of Corrections. Accordingly, **IT IS RECOMMENDED** that:

1. David Meador's complaint **BE DISMISSED** with prejudice; and
2. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.

---

[2] Even assuming Meador has a liberty interest and his due process rights were violated, the court would still not be able to grant the relief Meador seeks. Meador wants the court to issue an injunction prohibiting the NDDOC from requiring inmates to undergo sex offender treatment. That relief is not narrowly drawn and is not the least intrusive means necessary to correct the alleged violation of Meador's rights.

7

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than September 16, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 30th day of August, 2011.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge